JAMES L. DAUER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dauer v. Commissioner
Docket No. 8109-80.
United States Tax Court
T.C. Memo 1982-53; 1982 Tax Ct. Memo LEXIS 695; 43 T.C.M. (CCH) 457; T.C.M. (RIA) 82053; February 8, 1982. James L. Dauer, pro se. Richard Ames, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax for the taxable years 1976 and 1977 in the respective amounts of $ 2,038 and $ 2,195. The sole issue presented for our decision is the deductibility of farm losses claimed for both of the years involved. FINDINGS OF FACT Petitioner and his wife filed original joint Federal income tax returns for the taxable years 1976 and 1977 and an amended joint return for the taxable year 1976 with the Internal Revenue Service. Petitioner's wife did not join him in filing the petition in this case. Petitioner resided at Imboden, Arkansas, when he filed his petition. In 1954 petitioner purchased a farm *696 located in Randolph County, Arkansas, from United Farm Service. The farm consisted of approximately 80 acres and had a one-half acre tobacco allotment, a wheat allotment and another allotment. When petitioner purchased the farm it had on it an old house, a barn, an outhouse, a chicken house and other general outbuildings. Petitioner spent approximately $ 3,000 to repair the buildings. In 1957 a large fire swept through the area where the farm was located and destroyed all of the buildings on petitioner's farm. At the time he purchased the farm, petitioner was employed by the Army Aviation Supply and Maintenance Command in St. Louis, Missouri, and he resided in Belleville, Illinois. He purchased the farm as a place to retire. When petitioner retired he started to rebuild the buildings which had been destroyed by the fire. First he rebuilt the barn, then the feed shed and other outbuildings. He then fenced in part of the farm in 1974 after having it surveyed. Petitioner retired in 1970 and since retirement has spent most of his time in civic activities. At that time he moved into a trailer on the farm and has resided there ever since. Petitioner's farming activities *697 consisted of raising a small garden, a few chickens, goats and sheep. In 1977 petitioner disposed of his herd of 23 goats by selling four and donating the remainder to the American Legion. He also donated ducks to the American Legion for members' dinners. Petitioner planted no crops on his farm. Petitioner claimed losses from the operations of his farm on Federal income tax returns for the taxable years 1974 through 1980. On the amended return for the taxable year 1976 he reported gross income from the farm of $ 43.20, consisting of the sale of 72 dozen eggs at 60 cents per dozen. He claimed a loss from the operation of the farm for that year in the amount of $ 11,043.39. On the return for the taxable year 1977 he reported as gross income from the farm $ 56.40 from the sale of 94 dozen eggs at 60 cents per dozen and $ 40.82 from the sale of four goats. He claimed a net loss of $ 11,134.56 from the farm operations for 1977. Petitioner was not trying to make any money at operating the farm but merely was trying to "get by." In his statutory notice of deficiency mailed to petitioners the Commissioner disallowed the farm losses claimed by petitioner on the grounds that the *698 farming activity was not engaged in for profit. In addition, the Commissioner disallowed a portion of the farm expenses claimed on the grounds that they were not shown to be ordinary and necessary business expenses nor were they substantiated. OPINION Petitioner, in order to prevail, must show that he entered into the farming activity with the objective of making a profit. Sec. 183, Internal Revenue Code of 1954 as amended. The burden is upon him to prove that he had the requisite intention. Welch v. Helvering,290 U.S. 111 (1933). Based upon all of the evidence which petitioner introduced in this case, we are convinced that he never had the intention to engage in farming for profit. Therefore, he has failed in his burden of proof. Decision will be entered for the respondent.